UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENNETH FRYE,     Plaintiff,

v.     Civil Action No. 3:17-cv-303-DJH-CHL

UNITED STATES OF AMERICA, et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Frye brought this *pro se* action in Jefferson County Circuit Court, naming President Donald Trump and the U.S. Department of Veterans Affairs as defendants. (*See* Docket No. 1-3; D.N. 1-4) The United States removed the case to this Court on behalf of President Trump and the VA. (D.N. 1) The United States now moves to dismiss the complaint. (D.N. 6) For the reasons set forth below, the Court will grant the United States' motion and decline to exercise jurisdiction over the remaining claims between Frye and counterclaimant Eva Parham.

**I.**

Frye's claims appear to arise from a domestic quarrel between Frye and Parham at Parham's residence, which resulted in law-enforcement personnel arriving at the scene and ultimately confiscating Frye's 9mm handgun. (*See* D.N. 1-4; *see also* D.N. 7-1, PageID # 32)

On April 13, 2017, the Louisville VA Medical Center received a one-page letter addressed to President Donald Trump alongside a state-court civil summons. (D.N. 1-3; D.N. 1-4) The letter was from Frye, and the summons referred to a civil suit Frye had filed against

1

President Trump—in his official capacity—and Parham in Kentucky state court.[1] The summons also named as a defendant "VA Hospital Tort Malpractice Thyroid Surgery." (*See* D.N. 1-3, PageID # 12)

The United States removed the action on behalf of President Trump and the VA on May 16, 2017 (D.N. 1), and now moves to dismiss Frye's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. (D.N. 6) On June 16, 2017, Parham filed a response to the motion, asking the Court to refrain from dismissing her state-law counterclaim against Frye (D.N. 7, PageID # 28), which she asserted in her answer in the state-court action. (*See* D.N. 7-1) Parham also asks the Court to decline to exercise jurisdiction over the remaining claims between Frye and Parham should the Court grant the United States' motion. (D.N. 7, PageID # 29) The United States filed a reply in which it stated that it had no objection to Parham's requests. (D.N. 8) Frye did not respond to the United States' motion or reply to Parham's response.

## II.

In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that he is entitled to relief. *Id*. at 679. The complaint need not contain "detailed factual allegations," but it must provide "more than an

---

[1] Parham is not a named defendant in the underlying action. She is, however, the subject of factual allegations and has received service of process. (*See* D.N. 7-1, PageID # 30)

2

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett*, 561 F.3d at 488 (citing *Gunasekera*, 551 F.3d at 466).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complaint must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[c]ourts are not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).

## III.

In his one-page complaint, Frye alleges in support of his claims:

I would like to legally sue the Louisville Sheriff Department for disrespect of a full bird colonel disabled American veteran . . . [for] bias, prejudice, discrimination, anxiety provocation[,] threatened to arrest, incompetent incomputs [sic] . . . regarding a domestic violence of a woman Ms[.] Eva Parham.

3

(D.N. 1-4, PageID # 16) After listing facts concerning Parham, the complaint concludes: "Thank you presidential congressional chain of command resolved plight!!!!" (*Id.*)

Even when viewed under the less stringent standard afforded to *pro se* litigants, Frye's complaint does not state a claim upon which relief may be granted. Frye has failed to present either direct or inferential allegations supporting any claim against either President Trump or the VA.[2] *See Scheid*, 859 F.2d at 437. Instead, the complaint presents mere ramblings concerning an interaction with police, a confiscated 9mm handgun, and alleged tortious conduct on the part of Parham. (*See* D.N. 1-4) This Court is not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper*, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).[3] Nor is it the Court's duty to conjure up unpled allegations for *pro se* plaintiffs. *Leisure*, 21 F. App'x at 278. The Court will accordingly dismiss Frye's claims against President Trump and the VA.

To the extent that there remain state-law claims between Frye and Parham, the Court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In the Sixth Circuit, there is "a strong presumption against the exercise of supplemental jurisdiction once federal claims have

---

[2] Nor has Frye presented a viable claim against the "Louisville Sheriff Department," as he has not named any law-enforcement agency as a defendant in this matter.

[3] Additionally, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Because the complaint does not mention a waiver of sovereign immunity, this doctrine would also likely bar Frye's claims. *See, e.g.*, *McCoy v. Obama*, No. 5:11cv1664, 2011 WL 4948778, at *2 (N.D. Ohio Oct. 17, 2011) ("Plaintiff's claims against [Barack Obama] are clearly asserted against him in his official capacity as the President of the United States. Consequently, Plaintiff must articulate a cause of action in his Complaint for which the United States has waived its sovereign immunity.").

been dismissed"; the Court should retain jurisdiction "'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the] concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). No such extraordinary circumstances are present here. The Court will thus remand the remaining claims to Jefferson Circuit Court. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Ross v. Lamberson*, 873 F. Supp. 2d 817, 822 (W.D. Ky. 2012).

## IV.

Frye's "complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Watkins v. FBI*, No. 3:13CV–204–S, 2013 WL 3324065, at *2 (W.D. Ky. July 1, 2013) (quoting *Scheid*, 859 F.2d at 426). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The United States' motion to dismiss (D.N. 6) is **GRANTED**. Frye's claims against President Trump and the VA are **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to terminate the United States as a defendant in the record of this matter.

(2) The remaining claims between Frye and Parham are **REMANDED** to Jefferson Circuit Court.

(3) This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

November 27, 2017

**David J. Hale, Judge**
**United States District Court**

5